UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK HILLS,

      Plaintiff,                     Case No. 2:23-cv-12302
                                           District Judge Linda V. Parker
v.                                        Magistrate Judge Kimberly G. Altman

ATLAS OIL, SAM SIMON, and
DAWN THOMSON,

      Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND FOR PARTIAL DISMISSAL (ECF No. 13)[1]

I.      Introduction

This is an employment discrimination case under Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). Plaintiff Derrick Hills (Hills), proceeding *pro se*, is suing defendants Atlas Oil, Sam Simon (Simon), and Dawn Thomson (Thomson), alleging that he, an older, black man, was fired for taking the same action as a

_____

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

younger, white man who was not fired.  *See* ECF No. 4.  Simon is the owner of

Atlas Oil while Thomson is the human resources (HR) director.  (ECF No. 4,

PageID.7).  All pretrial matters have been referred to the undersigned.  (ECF No.

11).

Before the Court is defendants' joint motion for a more definite statement

and for dismissal of the individual defendants.  (ECF No. 13).  Hills did not file a

response to the motion and the time for doing so has passed.

For the reasons that follow, the undersigned RECOMMENDS that the

motion be GRANTED IN PART and DENIED IN PART.  Specifically, it is

RECOMMENDED that the individual defendants be DISMISSED and the request

for a more definite statement be DENIED.  If these recommendations are adopted,

Hills' case would continue against Atlas Oil, who should be directed to file an

answer to Hills' complaint.

## II.    Discussion

### A.    Hills' Failure to File a Response

The law in this Circuit is not clear on whether a failure to respond to a

motion to dismiss constitutes a sufficient ground for granting the motion.  In

*Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that

it is an abuse of discretion for a district court to dismiss under Federal Rule of

Civil Procedure 12(b)(6) solely because the plaintiff failed to respond to a motion

to dismiss unless the failure rises to the level of a failure to prosecute.  The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion.  *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

In sum, while Hills' failure to respond could be considered a failure to prosecute, the undersigned declines to recommend granting defendants' motion on this ground.  Instead, the undersigned will consider the merits of the motion.

### B.      Motion to Dismiss

Defendants argue that the individual defendants should be dismissed because there is no individual liability under Title VII or the ADEA.

### 1.      Legal Standard

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

3

omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a plausible claim need not contain "detailed factual allegations,"

but it must contain more than "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The

plausibility of an inference depends on a host of considerations, including common

sense and the strength of competing explanations for the defendant's conduct."

*16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir.

2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards

than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not

have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482

F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

that were never presented . . . nor may courts construct the Plaintiff's legal

arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]'

" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009)

(Ludington, J., adopting report and recommendation of Binder, M.J.).

2.    Application

Here, Hills has named as defendants the company he worked for (Atlas Oil) as well as the CEO (Simon) and HR director (Thomson).  Defendants argue that neither Title VII nor the ADEA provides for individual liability.

Generally, "[t]he law in this Circuit is clear that a supervisor who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII." *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001).

> That being said, there is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the alter ego of the employer, although the Sixth Circuit has not definitively ruled on the issue.  What is more, district courts in this circuit have considered this alter ego theory of individual liability with skepticism.

*Mitchell v. Fujitec America, Inc.*, 518 F. Supp. 3d 1073, 1100-01 (S.D. Ohio 2021) (internal quotation marks and citations omitted).  Thomson, as HR director, clearly cannot be held liable under Title VII, but the issue is more complicated for Simon as CEO.  Nonetheless, because Hills has also sued Atlas Oil, keeping Simon as a defendant in this lawsuit "adds nothing to the litigation." *Ankofski v. M&O Mktg., Inc.*, 218 F. Supp. 3d 547, 553 (E.D. Mich. 2016).  Therefore, the undersigned recommends dismissing Hills' Title VII claims against both Thomson and Simon.

Similarly, an employee or supervisor cannot be held individually liable

under the ADEA.  *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 n.6 (6th Cir. 1997); *see also Sack v. Barbish*, No. 1:21-cv-00364-PAB, 2021 WL 4148725, at *4 (N.D. Ohio Sept. 13, 2021); *Sicuso v. Carrington Golf Club, LLC*, No. 17-13938, 2019 WL 296703, at *8 (E.D. Mich. Jan. 23, 2019).  "The ADEA and its sister civil rights statutes do not recognize a cause of action against a supervisor in his individual capacity, only against an employer."  *Pigott v. Battle Ground Acad.*, 909 F. Supp. 2d 949, 958 (M.D. Tenn. 2012) (internal quotation marks and citations omitted).  As such, Hills' claims under the ADEA should also be dismissed against both Thomson and Simon.

## C.    Motion for More Definite Statement

In moving for a more definite statement, defendants say that that they are unsure how to respond to Hills' complaint because he did not break his factual allegations down into numbered paragraphs containing only one point in each paragraph.  As such, they request that either Hills be ordered to provide a more definite statement, or the Court instruct defendants on how they should structure their answer.

### 1.    Legal Standard

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The federal rules provide that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). But "[i]f the complaint meets the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the motion should be denied." *McCloy v. Corr. Med. Servs.*, No. 07-13839, 2008 WL 5350623, at *1 (E.D. Mich. Dec. 18, 2008). "Whether to grant a motion for a more definite statement is within the discretion of the trial court." *Boddie v. MTD*, No. 07-1227-T, 2008 WL 11320012, at *3 (W.D. Tenn. July 25, 2008) (citing 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1376).

## 2.    Application

Hills filed his complaint *pro se*, and while he did not set forth his factual allegations in numbered paragraphs containing only one allegation, his allegations are nonetheless clear and easy to understand. As another magistrate judge explained when facing a similar complaint and motion, "[w]hile the [p]laintiff does ramble a bit, and while his complaint does not strictly comply with the 'numbered paragraph' format described in Fed. R. Civ. P 10(b), it does set forth cognizable claims . . . and is not so 'vague and ambiguous' that it is unanswerable." *Hunt v. Walmart Store, Inc.*, No. 17-14095, 2018 WL 5629816, at *2 (E.D. Mich. Oct. 30,

2018); *see also Bostic v. Davis*, No. 15-cv-3029, 2017 WL 784814, at *3 (S.D. Ohio Mar. 1, 2017) (noting that "a technical violation of Rule 10(b) is not determinative of a motion for a more definite statement against a *pro se* litigant"). The same is true here.  Thus, given that motions for more definite statements are disfavored and Hills' complaint is comprehensible, the motion for a more definite statement should be denied.  *See Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*, 125 F. Supp. 2d 286, (S.D. Ohio 2000) (A "motion for more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed." (cleaned up)).

As to defendants' request for guidance regarding the structure of a potential answer, the undersigned suggests "respond[ing] to each factual averment in each paragraph point by point."  (ECF No. 13, PageID.36).  The undersigned believes that defense counsel will be able to sufficiently answer the complaint as to Atlas Oil.

### D.    Caution to Hills

As noted above, Hills did not file a response to defendants' motion.  The undersigned encourages Hills to utilize the resources available to *pro se* litigants in the Eastern District of Michigan.  His attention is directed to the Representing Yourself tab on the Court's website, www.mied.uscourts.gov.  Hills is also cautioned that a failure to follow future court orders or otherwise participate in his

case could result in a recommendation that his case be dismissed for a failure to prosecute.

### III.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' joint motion for a more definite statement and for dismissal of the individual defendants, (ECF No. 13), be GRANTED IN PART and DENIED IN PART.  Specifically, it is RECOMMENDED that the individual defendants be DISMISSED and the request for a more definite statement be DENIED.  If these recommendations are adopted, Hills' case would continue against Atlas Oil, who should be directed to file an answer to Hills' complaint.

Dated: March 6, 2024                          s/Kimberly G. Altman
Detroit, Michigan                               KIMBERLY G. ALTMAN
                                                United States Magistrate Judge


### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager

10